IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LESLIE D. SMALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-793-SLR |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

1. **Background.** Petitioner filed the instant application for habeas relief in this court on September 9, 2015. (D.I. 1) According to the application, petitioner was sentenced in October 2014 to five life sentences after being convicted of first degree felony murder, first degree intentional murder, first degree robbery, second degree burglary, and three counts of possession of a deadly weapon. (D.I. 1 at 1) The application does not assert any grounds for relief, and contains several statements that petitioner has not exhausted state court remedies and has not completed all his appeals. The application also contains several statements about petitioner having attached a motion to stay and abey the proceeding, yet he did not provide said motion. (D.I. 1 at 4-13)

2. **Standard of Review.** Federal courts are required to liberally construe pro se filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See*

Rule 4, 28 U.S.C. foll. 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. See 28 U.S.C. § 2254(b)(1)(A); Duncan v. Henry, 513 U.S. 364, 365 (1995); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

3. **Discussion.** In his application, petitioner explicitly states that he has not exhausted state court remedies and that he has not completed "all" of his appeals. (D.I. 1 at 2-13) Therefore, it plainly appears that petitioner is not entitled to federal habeas.[1]

4. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

5. **Conclusion.** For the above reasons, the court will summarily dismiss the instant habeas application without prejudice for failure to exhaust state court remedies. A separate order shall issue. See Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: November 4, 2015

                                               UNITED STATES DISTRICT JUDGE

---

[1] Habeas applications filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.